UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **RICHARD LANSING,** | **BEFORE THE HONORABLE**<br>**CHARLES N. CLEVERT, JR.** |
| Plaintiff, | |
| v. | Case No. 08-C-0240 |
| **YEARLY RETIREMENT BENEFIT CHECK**<br>**FUND OF PLUMBERS UNION LOCAL 75, et al.,** | |
| Defendants. | |

**DEFENDANTS' REPLY TO THE PLAINTIFF'S RESPONSE
TO DEFENDANT'S PROPOSED FINDINGS OF FACT
AND PLAINTIFF'S ADDITIONAL PROPOSED FACTS.**
_____

Defendants, by their attorneys, for their replies to the defendants' proposed findings of fact that the plaintiff alleges to be disputed and material, and to the plaintiff's additional proposed facts as follows:

**RESPONSES TO DEFENDANT'S PROPOSED FINDINGS OF FACT THAT THE PLAINTIFF ALLEGES TO BE DISPUTED AND MATERIAL**:

6. Plaintiff's answer to the proposed finding of fact is non-responsive. It disputes the term the members use to describe a dues increase, but does not dispute that adding a new fund to Section 5.2 of the Local 75 Constitution, or increasing the contribution rate to one of the funds already listed in Section 5.2 of the Local 75 Constitution, will increase the amount of money the members pay to Local 75, i.e. become a dues increase.

16. Plaintiff has failed to create a material dispute of facts on the issue of whether the subject of a dues increase came up during an early May, 2005 meeting

1

between Kreuser, Lansing, and Ligocki. As Kreuser stated in his affidavit, at the time he prepared the meeting notices for the May 24, 2005 meeting (after his meeting with Lansing and Ligocki), he did not know that the proposed 13th check motion that would be brought up during the meeting involved a proposed dues increase. (Kreuser Aff. ¶9) Lansing has failed to produce any evidence indicating that anyone told Kreuser that the 13th check motion had a dues increase component at any time prior to the preparation of the meeting notices, including at the early May, 2005 meeting attended by Kreuser, Lansing, and Ligocki. Members of Local 75 know that pre and after-tax deductions from their wages are different, but some may not care about the cost difference. (Engel Dep. Pg. 83-85)

17. Plaintiff's answer to defendant's proposed finding of fact #17 is non-responsive, and states a legal conclusion. The proposed finding of fact stated that at the time Kreuser prepared the meeting notice for the May 24, 2005 membership meeting, he did not know that the meeting may involve a vote upon a dues increase, and therefore did not intend to use the meeting notices to notify the membership that the May 24, 2005 membership meeting may involve a vote upon a dues increase. The Plaintiff's only response to the proposed finding of fact is his bare assertion that the meeting notices for the May 24, 2005 membership meeting were adequate. The response is argumentative, states a legal conclusion, and therefore should be disregarded by the court. *Ferguson v. Med. College*, 471 F. Supp. 901, 906 (E.D. WI. 2007)

18. Plaintiff's answer does not dispute any of the facts alleged in defendants' proposed findings of fact ¶18. Plaintiff claims that the term "money out of your raise"

2

refers to a dues increase, but his sole citation for the claim are the subjective beliefs of three retirees.  In his deposition, Lansing admitted that under Local 75 practice money from a raise are used to make pre-tax pension purchases, as opposed to dues increases.  (Lansing Dep. Pg. 21)  The undisputed material facts therefore show that the term "money out of your raise" in the meeting notice refers to a pension purchase, rather than a dues increase.  Members of Local 75 know that pre and after-tax deductions from their wages (such as a pension allocation versus a dues increase) involves different financial costs for them.   (Engle Dep. Pg. 83-85)

21.     Plaintiff's answer is non-responsive.  The defendant's proposed findings of fact stated that according to the version of events of some plaintiff witnesses, while voting on the 13th check motion some members were seated closely enough together that they could, if they wanted, see how each other voted.  The plaintiff's response that no one actually saw how someone else voted, or could find another location to vote are not responsive to the proposed finding of fact, and cannot create a material dispute of facts.  *Myers v. Hoisting & Portable Local 513*, 653 F. Supp. 500, 510 (E.D. MO. 1987).(Secret ballot requirement may be violated, even when no evidence anyone saw how someone else voted).

Plaintiff's reference to his own deposition testimony is similarly non-responsive to the proposed finding of fact since the proposed finding of fact concerned the seating arrangements of the members during the May 24, 2005 membership meeting; rather than whether the members ultimately voted in secret.

22.     Plaintiff has failed to create a material dispute of facts over what are Kreuser's real reasons for not implementing the 13th check motion.  First, plaintiff has

3

not identified any authority or documents showing that Kreuser had a duty to inform the membership, during the May 24, 2005 membership meeting, that the dues checkoff portion of the 13th check motion could not be implemented without an amendment to the Local 75 Constitution.

Second, after Kreuser realized that the 13th check fund could not be funded through either a pension purchase or a dues increase, he approached counsel as well as the Contractors Association about the possibility of setting up a separate Taft-Hartley Fund to pay for the 13th check for retirees. (Kreuser Dep. Pg. 46-47) The August 5, 2005 letter from legal counsel is consistent with Kreuser's deposition testimony, and indeed explains why Kreuser needed to approach the Contractors Association about setting up the separate fund.

Lansing also cannot create a material dispute of facts by citing to *Mendocino Environmental Center v. Mendocino County*, 192 F. 3d 1283, 1302 (9th Cir. 1999), since to defeat summary judgment in the Seventh Circuit, the non-moving party must produce some evidence contradicting the moving party's evidence on the issue of intent. *Rand v. CF Industries*, 42 F. 3d 1139, 1146-1147 (7th Cir. 1995). As argued above, Lansing has failed to produce any evidence to dispute Kreuser's deposition and affidavit testimony concerning his reasons for not implementing the dues checkoff portion of the 13th check motion.

23. The plaintiff has failed to raise a material dispute of facts. Regardless of Kreuser's subjective beliefs concerning the retirees' right to vote, Lansing has failed to identify any evidence showing that Kreuser's beliefs affected his efforts to implement the 13th check motion. *Konen v. IBT*, 255 F. 3d 402, 408 (7th Cir. 2001); *McKelvin v.*

4

*E.J. Brach Corp.*, 124 F. 3d 864, 868 (7th Cir. 1997) (Cannot infer from feelings of personal hostility that the union acted in bad faith, absent evidence that the hostility actually affected the union's representation).

24. The plaintiff has failed to raise a material dispute of facts. Plaintiff's response to the first sentence of the proposed finding of fact agrees with the defendants' statement, and presents additional examples whereby different witnesses disagree on how the vote for the 13th check motion was conducted.

The Plaintiff's response is also non-responsive to the third sentence of the proposed finding of fact, which states that after the discussion on the 13th check motion was over, and before the ballots were handed out, none of the Local 75 officers said anything to the membership. (Ligocki Dep. Pg. 57) Lansing's response alleging that there was earlier discussion on the 13th check motion is undisputed, but also non-responsive and non-controversial. (Proposed Findings of Fact ¶23)

29. The Plaintiff's response fails to raise a material dispute of facts, since he does not dispute that Kreuser attempted to implement the 13th check motion by taking the issue to the Pension Fund. Plaintiff also does not dispute that Kreuser approached the Contractors Association about setting up a separate fund to pay the 13th check to retirees. The parties therefore do not dispute that Kreuser made some attempts to pay a 13th check to retirees.

30. The Plaintiff's response fails to raise a material dispute of facts for two separate and independently sufficient reasons. First, the plaintiff has not produced any evidence showing that the defendants' alleged disagreement with the 13th check motion, or their alleged hostility toward Lansing or the retirees' voting played any part in their

5

efforts to implement the 13th check motion.  Lansing cannot create a material dispute of facts over the defendants' bad faith, when he has not produced any evidence showing the defendants' personal beliefs affected their efforts to implement the 13th check motion.  *Konen v. IBT*, 255 F. 3d at 408; *Rupe v. Spector Freight Systems*, 679 F. 2d 685, 692 (7th Cir. 1982).  Second, the defendants' subjective motives for not implementing the dues checkoff portion of the 13th check motion are irrelevant when the dues checkoff portion of the motion could not be implemented without violating the Local 75 Constitution, and was passed in violation of the advanced notice and secret ballot requirements of 29 U.S.C. §411. (See Section 1 of the defendants' reply brief).

31.     The Plaintiff's response fails to raise a material dispute of facts, since it only raises the legal question of whether the dues checkoff portion of the 13th check motion could be implemented without violating the Local 75 bylaws.  The question of law is an appropriate one to resolve on summary judgment.

32.     The Plaintiff's response fails to raise a material dispute of facts, since it only raises a question of law, i.e. whether the defendants made a patently unreasonable interpretation of the Local 75 constitution when they concluded that the dues checkoff portion of the 13th check motion could not be implemented, without amending the Local 75 constitution to add a new fund to Section 5.2(c) of the Local 75 Bylaws.  The question of law is an appropriate one to resolve on summary judgment.

33.     The Plaintiff's response fails to raise a material dispute of facts, since it only disputes the defendants' interpretation of section 5.2 of the Local 75 Constitution, which is a question of law appropriate for resolving on summary judgment.

6

34. The Plaintiff's response to the first sentence of the proposed finding of fact fails to raise a material dispute of facts. See plaintiff's reply on proposed findings of fact ¶33.

The parties also do not dispute that Kreuser attempted to implement the pension fund portion of the 13th check motion, but not the dues checkoff portion of the motion. The issue of whether Kreuser's attempts to implement the 13th check motion complied with 29 U.S.C. §501 is a pure question of law appropriate for resolving through summary judgment. The issue of whether all defendants, or only Kreuser are responsible for implementing the 13th check motion is immaterial, since the non-implementation of the dues checkoff portion of the motion did not violate §501.

35. Defendants do not dispute the history stated by the plaintiff, but state that even under the version of history stated by the plaintiff they are still entitled to summary judgment. The Market Recovery Fund referenced by the plaintiff was required by the Wisconsin Pipe Trades Association, as part of a state wide program. (Breitlow Dec. ¶2) Therefore, the 10 cent contribution to the Market Recovery Fund could be implemented without a separate vote by the Local 75 membership. (Id. ¶3) Similarly, Local 75 could check off dues to funds not listed in its Constitution prior to 1999 because prior to 1999, no language in the Local 75 Constitution limited the funds that Local 75 could check off dues into. Legally, any past practices by Local 75 cannot justify it, in 2005, implement a portion of a membership resolution that violated the Local 75 Constitution. (See discussion on pages 7-8 of Local 75's Reply Brief) Moreover, as a matter of law the relevant inquiry is what dues Local 75 can collect through a dues checkoff, because the

Local 75 Constitution expressly limits the types of dues that may be collected through a dues checkoff.

### DEFENDANT'S RESPONSE TO THE PLAINTIFF'S PROPOSED FINDINGS OF FACT:

36. Undisputed. Defendants do not dispute the court's jurisdiction to hear the plaintiff's §501 claims.

37. Undisputed. Defendants do not dispute the court's jurisdiction to hear the plaintiff's §501 claims.

38. Undisputed. Policy justifications for paying a 13th pension check to retirees are irrelevant, when the dues checkoff portion of the 13th check motion was adopted in violation of federal law, and could not be implemented without violating Local 75 officers' reasonable interpretation of the Local 75 Constitution.

39. Disputed that dues are voluntary payments to the union. (Lansing Dep., pg. 24) Remainder of the paragraph is undisputed.

40. Undisputed.

41. Undisputed

42. Undisputed Kreuser spoke with legal counsel concerning the 13th check motion prior to the May 24, 2005 membership meeting (Breitlow Dep. Pg. 100), but disputed that Kreuser spoke to legal counsel about the retirees' right to vote during the meeting. During the May 24, 2005 meeting Kreuser asked the retirees to stand down from voting (Kreuser Dep. Pg. 33) Kreuser did not mention his meeting with, or any opinions of legal counsel. (Id.) The dispute is not material because regardless of Kreuser's opinions concerning retirees' voting, there is no evidence his opinions affected his later efforts to implement the 13th check motion. *Rupe, supra*.

43. Undisputed that Kreuser opposed the motion, but disputed that Kreuser opposed the motion "vehemently". (Hamilton Dep. Pg. 52-53) The dispute is not material because there is no evidence Kreuser's opinions concerning the 13th check motion affected his later effort to implement the motion, especially since he approached the Contractors' Association about setting up a separate fund for the 13th check, even though the step was not required by the 13th check motion. *Rupe, supra.*

44. Disputed. As the business manager Kreuser would not speak belligerently to any member, including Lansing. (Kreuser Dep. Pg. 38-39) The dispute is immaterial, absent evidence that Kreuser's alleged hostility affected his attempts to implement the dues checkoff portion of the 13th check motion. *Konen, supra.*

45. Disputed but immaterial. (See response to proposed findings of fact ¶43 and 44).

46. Undisputed. Kreuser indeed cannot promise anything, because he cannot predict how the trustees of the Pension Fund will vote on Local 75's request to create 13th pension check for retirees.

47. Disputed. In 2007 Defendant Breitlow told a group of retirees/members that the 13th check could not be implemented because the Contractors Association refused to set up a separate fund to pay for the benefit. (Breitlow Dep. Pg. 144) The reason the Contractors Association's participation is necessary is because Local 75 could not check off dues to a fund solely set up by the union for the 13th Check, without violating the Local 75 Constitution. (Kreuser Aff. ¶10, 13) The dispute is immaterial because regardless of how Local 75 officers explained the implementation of the 13th check to its membership, there is no dispute that they in good faith attempted to

9

implement the portions of the motion that did not violate the Local 75 Constitution. (Kreuser Aff. ¶10-13) Lansing cannot create a material dispute of facts on the issue, when he cannot present any facts showing that Local 75 did not in good faith attempt to implement the motion. *Rand v. CF Industries*, 42 F. 3d 1139, 1146-1147 (7th Cir. 1995).

48. Undisputed. The allegation is immaterial, absent evidence that Breitlow was either involved in implementing the 13th check motion, or allowed his personal opposition to the motion to influence his involvement in implementing the 13th check motion. *Rupe, supra*.

49. Undisputed. The allegation is immaterial, absent evidence that Gasperetti was either involved in implementing the 13th check motion, or allowed his personal opposition to the motion to influence his involvement in implementing the 13th check motion. *Rupe, supra.*

50. Disputed. No such motion had been made previously. There is no evidence that Engle has attended enough union meetings over the years to know whether and how the Local 75 leadership in the past had opposed motions. The dispute is immaterial, since there is no evidence that the Local 75 leadership's personal opposition to the motion affected their efforts to implement the 13th check motion. *Rupe, supra.*

51. Undisputed that retiree Engel believed notice and balloting procedures for the 13th check motion were adequate. However, the case should be resolved based on the court's (and not Mr. Engel's) judgment of whether, applying the legal standards imposed by 29 U.S.C. §411, the advanced notice of dues increase and secret ballot

requirements of the statute were violated during the course of holding the vote for the 13th check motion.

52. Undisputed that to the best of Engel's knowledge the 13th check motion was the first one that was not/could not be implemented. No such motions had previously been made. Any dispute is immaterial since there is no evidence that the Local 75 leadership had previously dealt with a motion that was passed in violation of the procedures required by federal labor laws, and could not be implemented without violating the Local 75 Constitution.

53. Undisputed.

54. Defendants state that in the portion of the deposition transcript cited by the plaintiff, Defendant Hamilton did not testify that he was responsible for deciding the type of vote that should be used for issues. Nonetheless, for the purpose of this summary judgment motion only defendants do not dispute that Hamilton is responsible for selecting the appropriate type of vote.

55. Undisputed. However, defendants state that Lansing cannot avoid summary judgment by claiming that Hamilton was responsible for deciding on the type of vote for the 13th check motion both because the case at bar involved a violation of Title I rather than Title IV of the LMRDA, so that the 13th check motion's violation of the secret ballot requirements cannot be excused; and because there is no evidence Hamilton intentionally decided on the wrong type of vote for the 13th check motion for the purpose of sabotaging the motion. (Defendants' reply brief, pg. 10-11)

56. Undisputed.

11

57. Undisputed. However, defendants state that Kreuser cannot be responsible for failing to give the membership advanced notice that the May 24, 2005 membership meeting will involve voting upon a dues increase, when he did not know, at the time he prepared the notice, that the issue of a dues increase would come up during the meeting. (Kreuser Aff. ¶9)

58. Undisputed.

59. Undisputed.

60. Undisputed.

61. Undisputed. However, the court must enforce the secret ballot standard imposed by 29 U.S.C. §411, rather than Defendant Breitlow's understanding of what constitutes a secret ballot.

62. Undisputed.

63. Undisputed.

64. Undisputed.

65. Disputed, since Breitlow only testified that no one responded to Lansing's request on the night Lansing made the request; and that the United Association in fact ultimately contacted him about the retirees' right to vote. (Breitlow Dep. Pg. 120-121, 123) The dispute is immaterial, since Lansing has failed to present any evidence that the 13th check motion was not implemented, because the retirees voted on the motion.

66. Undisputed.

67. Undisputed. The Defendants do dispute the implication in the proposed finding of fact that Kreuser prevented retirees from voting, since that proposition is not

12

Case 2:08-cv-00240-CNC   Filed 12/02/09   Page 12 of 14   Document 67

supported by any evidence in the record, and retirees did vote during the May 24, 2005 meeting. (Kreuser Dep. Pg. 33)

68. Undisputed.

69. Undisputed.

70. Defendants dispute that Breitlow stated in his deposition that retirees would not be able to vote in a re-vote. Rather, Breitlow testified that while he believed at the time that retirees could not vote, the issue of whether retirees would vote at a revote was one that had to be worked out. (Breitlow Dep. Pg. 124-125) Any dispute is immaterial, since Kreuser was the union officer who attempted to implement the 13th check motion. (Kreuser Aff. ¶15) The remainder of proposed findings of fact ¶70 is not disputed.

71. Undisputed.

72. Undisputed.

73. Undisputed.

74. Undisputed. However, as the defendants have repeatedly explained, the reason the 13th motion could not be implemented once the Pension Board and the Contractors' Association refused to participate to fund the 13th check was because setting up a separate dues checkoff for the 13th check would violate the Local 75 Bylaws. (Proposed Finding of Fact ¶22)

75. Undisputed.

76. Undisputed concerning ballot votes on wage allocations, but Local 75 disputes that any votes on a dues increase occurred after May 24, 2005. The dispute is immaterial because the plaintiff has failed to cite to any authority holding that a violation

13

of the secret ballot requirements of 29 U.S.C. §411 can be justified, because the union has a history of violating the secret ballot requirement.

Dated this 2nd day of December, 2009.

>s/Matthew R. Robbins
>Matthew R. Robbins
>WI Bar 1016672
>mrr@previant.com
>Frank G. Locante
>WI Bar 1008856
>fgl@previant.com
>Yingtao Ho
>WI Bar 1045418
>yh@previant.co.
>Previant, Goldberg, Uelmen,
> Gratz, Miller & Brueggeman, S.C.
>1555 N. RiverCenter Drive #202
>Milwaukee, WI 53212
>PH: 414/271-4500; FAX: 414/271-6308
>Attorneys for Defendants

s:\docs\plu075\76182\m0362529.doc